```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                :
CHARLES D. IZAC,                :
                                :    Civil Action No. 10-4112 (RMB)
           Petitioner,          :
                                :
      v.                        :
                                :
J. L. NORWOOD et al.,           :
                                :
           Respondents.         :
_____ :
                                :
CHARLES D. IZAC,                :
                                :    Civil Action No. 10-4366 (RMB)
           Petitioner,          :
                                :
      v.                        :
                                :
J. L. NORWOOD et al.,           :
                                :
           Respondents.         :
_____ :
                                :
CHARLES D. IZAC,                :
                                :    Civil Action No. 10-367 (RMB)
           Petitioner,          :
                                :
      v.                        :
                                :
J. L. NORWOOD et al.,           :
                                :
           Respondents.         :
_____ :
                                :
CHARLES D. IZAC,                :
                                :    Civil Action No. 10-4744 (RMB)
           Petitioner,          :
                                :
      v.                        :    **MEMORANDUM OPINION AND ORDER**
                                :      **Applies to All Actions**
DONNA ZICKEFOOSE,               :
                                :
           Respondent.          :
_____ :
```

IT APPEARING THAT:

1. On August 11, 2010, the Clerk received Petitioner's first § 2241 application and opened the first Izac v. Norwood matter, indexed as Civil Action No. 10-4112 (Izac-I).

2. Two weeks later, i.e., on August 25, 2010, the Clerk received Petitioner's second § 2241 application and opened the second Izac v. Norwood matter, indexed as Civil Action No. 10-4366 (Izac-II).

3. Later same day, i.e., still on August 25, 2010, the Clerk received Petitioner's third § 2241 application and opened the third Izac v. Norwood matter, indexed as Civil Action No. 10-4367 (Izac-III).

4. Twenty days later, i.e., on September 15, 2010, the Clerk received Petitioner's fourth § 2241 application and opened the fourth Izac matter, Izac v. Zickefoose, indexed as Civil Action No. 10-4744 (Izac-IV).

5. The entirety of Petitioner's aforesaid submissions (totaling 177 pages) is presently before this Court.

6. In his Izac-I and Izac-II matters, Petitioner challenges his housing at a facility which has the level of security higher than minimum (or, in alternative or in conjunction, the delay he might be facing in being transferred to a minimum security facility). See Izac-I, Docket Entry No. 1, and Izac-II, Docket Entry No. 1.

7. Petitioner's claims raised in Izac-I and Izac-II cannot be entertained in a habeas matter. The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to being placed in a particular federal prison); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief is unavailable to inmate

seeking release from disciplinary segregation to general population). Therefore, Petitioner's Izac-I and Izac-II challenges will be dismissed for lack of jurisdiction; such dismissal will be without prejudice to Petitioner's filing of a timely civil complaint raising these challenges. The Court, however, notes that such dismissal shall not be construed as the Court's opinion that Petitioner's claims would be (or would not be) deemed meritorious if raised by means of a civil complaint.

    8. Petitioner's claims raised in Izac-III similarly cannot be entertained in a habeas action.  In Izac-III, Petitioner asserts that his free exercise rights are being violated because he is being availed to Protestant religious services rather than religious services specifically tailored for Anabaptists, i.e., a Christian denomination to which Petitioner asserts adhesion. See Izac-III, Docket Entry No. 1.  Since Petitioner's ability (or inability) to attend Anabaptist services cannot have any impact on either the fact or the duration of his confinement, Petitioner's free exercise claims cannot be raised in a habeas matter. See Ganim, 235 Fed. App'x 882; Bronson, 56 Fed. App'x at 553-54; Leamer, 288 F.3d at 542.  Therefore, Petitioner's Izac-III challenges will, too, be dismissed for lack of jurisdiction; and such dismissal, too, will be without prejudice to Petitioner's filing of a timely civil complaint raising these challenges. The Court, however, notes that such dismissal of Petitioner's claims

shall not be construed as the Court's opinion that Petitioner's claims would (or would not) be deemed meritorious if raised by means of a civil rights complaint.[1]

---

[1] In addition, the Court cautions Petitioner that Petitioner's civil rights claims could be bundled into the same civil complaint only if they meet the requirements of Rules 18 and 20. Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a) governs the joinder of claims. See Fed. R. Civ. P. 18(a), 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the Court of Appeals for the Seventh Circuit explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

9. Finally, Petitioner's application filed in Izac-IV challenges Petitioner's criminal sentence imposed upon him by the United States District Court for the Northern District of West Virginia ("NDWV"). See Izac-IV, Docket Entry No. 1. Although Petitioner did not include any information about his collateral challenges of his conviction and sentence in his § 2241 petition filed in Izac-IV, this Court's research revealed that Petitioner filed a § 2255 motion with the NDWV, and his motion was denied. See Izac v. USA, 08-0093 (JPB) (NDWV, terminated on September 11, 2008). Moreover, the Court's research revealed that the United States Court of Appeals for the Fourth Circuit affirmed the aforesaid denial of Petitioner's § 2255 motion. See United States v. Izac, 319 Fed. App'x 210 (4th Cir. 2009).

---

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

10. Same as in Izac-I, Izac-II and Izac-III, this Court is without jurisdiction, under § 2241, to entertain Petitioner's challenges raised in Izac-IV. A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

11. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence

in the sentencing court.[2]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective"

---

[2]  The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

to test the legality of the petitioner's detention.³  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that

---

³ The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[4]  Id. at 539.

13. Since § 2255 was neither inadequate nor ineffective vehicle for Petitioner's challenges to his sentence, this Court is without jurisdiction to entertain these challenges in Izac-IV. The Court, therefore, will dismiss that application, too, for lack of jurisdiction.

14. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.

---

[4] The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52. Here, Petitioner's allegations do not state any Dorsainvil-like type of challenge.

15.   Here, the Court's research revealed that Petitioner already filed a § 2255 application and had it denied on merits by the NDWV.  Thus, Petitioner may not file a second or successive § 2255 motion unless he first obtains a certification from the Fourth Circuit permitting him to do so.  See id.  However, since the NDWV's denial of Petitioner's § 2255 motion was affirmed by the Fourth Circuit, the Court – while having power to construe Petitioner's pleading filed in Izac-IV as an application for leave to file a successive § 2255 motion – finds it not in the interests of justice to forward Petitioner's Izac-IV pleading to the Fourth Circuit upon construing it as an application for leave to file a successive § 2255 motion.  The Court notes, however, that the Court's decision not to forward Petitioner's Izac-IV pleading to the Fourth Curcuit does not prevent Petitioner from filing an application for leave to file second/successive petition with the Fourth Circuit on Petitioner's own.  The Court expresses no opinion as to either substantive or procedural propriety of such application.

16.   Finally, in light of Petitioner's filing of four habeas applications (totaling 177 pages) in this District within 35 days, this Court, being concerned about the consequences of Petitioner's litigation strategy, takes this opportunity to inform Petitioner about the concept of "abuse of writ."  The concept differs from that of "successive petition."  A "successive petition" raises

grounds identical to those raised and rejected on the merits on a prior petition. See Sanders v. United States, 373 U.S. 1 at 15-17 (1963). By contrast, "[t]he concept of 'abuse of the writ' is [a broader concept, and it is] founded on the equitable nature of habeas corpus. . . . Where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or *engages in other conduct that disentitles him to the relief he seeks*, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." Id. at 17-19 (emphasis supplied). The Court of Appeals clarified the workings of the doctrine of abuse of writ as follows: "When a prisoner files multiple petitions [seeking] relief [in the form of a writ], the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a)  may bar his claims: No circuit or district judge shall be required to entertain an application for [another writ] to inquire into the detention of a person . . . if it appears that the [same issue was resolved] by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." Furnari v. United States Parole Comm'n, 531 F.3d 241 (3d Cir. 2008) (relying on Sanders, 373 U.S. at 9).  The Court, therefore, strongly encourages Petitioner to treat all his legal actions – be they initiated in this District or in any other state or federal court – with utmost seriousness, to avoid duplicative litigation,

select his challenges thoughtfully and draft his pleadings carefully.

IT IS THEREFORE on this **23rd** day of **September 2010**,

**ORDERED** that the Clerk of the Court shall docket this Order in Izac v. Norwood, Civil Action No. 10-4112; Izac v. Norwood, Civil Action No. 10-4366; Izac v. Norwood, Civil Action No. 10-4367; and Izac v. Zickefoose, Civil Action No. 10-4744; and it is further

**ORDERED** that Petitioner's § 2241 applications docketed as Docket Entries Nos. 1 in Izac v. Norwood, Civil Action No. 10-4112; Izac v. Norwood, Civil Action No. 10-4366; Izac v. Norwood, Civil Action No. 10-4367; and Izac v. Zickefoose, Civil Action No. 10-4744, are dismissed, generally, for lack of jurisdiction and, specifically, in accordance with the terms detailed supra; and it is further

**ORDERED** that the Clerk shall close the files on Izac v. Norwood, Civil Action No. 10-4112; Izac v. Norwood, Civil Action No. 10-4366; Izac v. Norwood, Civil Action No. 10-4367; and Izac v. Zickefoose, Civil Action No. 10-4744, by making a new and separate entry in each of these actions reading "CIVIL CASE CLOSED"; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, together with: (a) two blank civil rights complaint forms; (b) two blank in forma pauperis applications for prisoners seeking to initiate a civil rights

action; and (c) copies of all four docket sheets, i.e., the docket sheets in <u>Izac v. Norwood</u>, Civil Action No. 10-4112; <u>Izac v. Norwood</u>, Civil Action No. 10-4366; <u>Izac v. Norwood</u>, Civil Action No. 10-4367; and <u>Izac v. Zickefoose</u>, Civil Action No. 10-4744.

<u>s/Renée Marie Bumb</u><br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**